## CIRCUIT COURT OF FAIRFAX COUNTY

Bing Cheung Wu et al.

v.

Antonio A. Sobral, Jr.

December 20, 1994

Case No. (Law) L133452

BY JUDGE THOMAS A. FORTKORT

This matter came before the Court on November 14, 1994, on Mr. Dowling's motion to reconsider the Court's sustaining of the special plea in bar advanced by Mr. Sobral. For the following reasons, the motion to reconsider is granted, the special plea in bar is denied, and the case will proceed as directed in the Status Conference Order dated December 13, 1994.

The Court considers the Wus bound by the terms of the stipulation entered into by Mr. Sobral and the State Corporation Commission, because by their acceptance of restitution they have ratified the stipulation. Therefore, all matters concluded by the stipulation are barred from further litigation. In reviewing the stipulation, it clearly bars the Wus from any actions in law or in equity under the Virginia Securities Act ("Act"). This means that the Wus cannot proceed on statutory grounds against Sobral. Also, they may not proceed for recovery of attorney's fees, since these are available only statutorily.

However, the Act clearly states that the rights and remedies it provides "shall be in addition to any and all other rights and remedies that may exist at law or in equity." § 13.1-522(G). The Wus are precluded from asserting the rights and remedies afforded by the Act, since they ratified the stipulation which recites that their rights under the Act are deemed satisfied. But the Act itself recognizes that there may be causes of action at law or in equity outside of the Act.

Consequently, the Court holds that the Wus are precluded from maintaining any statutory cause of action arising under § 13.1-522. This in-

cludes Count VI of the motion for judgment and any claims for attorney fees predicated on that section or any section of the Act. The Wus may proceed on any other theory of recovery or cause of action they may otherwise have.

Leave is granted to amend the motion for judgment, and Mr. Sobral will have twenty-one days from the filing of the amended motion for judgment to answer.